UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00736-FDW

| | |
|---|---|
| EDWIN CALDERON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Edwin Calderon's Brief (Doc. No. 5), and Defendant Commissioner of Social Security's Brief, (Doc. No. 6). This matter has been fully briefed, (Doc. Nos. 5–7), and is ripe for ruling. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his application for Period of Disability and Disability Insurance Benefits ("DIB"). Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's request to reverse and remand the Commissioner's final decision, (Doc. No. 5), is DENIED; the Commissioner's request to affirm its final decision, (Doc. No. 6), is GRANTED; and the Administrative Law Judge's ("ALJ") decision is AFFIRMED.

## I. BACKGROUND

On April 20, 2022, Plaintiff filed his application for period of disability and DIB alleging June 15, 2016, as the onset date of his disabling condition. (Tr. 17, 173, 176.) Sometime thereafter, Plaintiff amended his alleged onset date to May 15, 2019. (Tr. 17, 56.) Plaintiff alleges he is disabled due to a five-year history of lower back pain, which cumulated in lumbar fusion surgery. (Tr. 21, 59, 265.) Plaintiff's date of last insured will be on June 30, 2026. (Tr. 32.) Plaintiff's claim

1

was initially denied on November 15, 2022. (Tr. 76.) Thereafter, Plaintiff requested a reconsideration for social security benefits, and on February 23, 2023, his claim was again denied on the reconsideration level. (Tr. 17, 87.)

Following the Commissioner's denial of reconsideration, Plaintiff requested a hearing for social security benefits which was held on December 13, 2023. (Tr. 30–58, 90.) On December 28, 2023, the ALJ issued an unfavorable decision, finding Plaintiff was not under a disability pursuant to the Social Security Act. (Tr. 14.) Applying the five-step sequential analysis, the ALJ made the following findings of facts and conclusions of law: first, at step one, the ALJ concluded Plaintiff had not engaged in substantial activity since May 15, 2019. (Tr. 19.) Second, at step two, the ALJ concluded Plaintiff suffered the following severe impairments: back sprain and strains and disorders of the spine, lumbar spinal stenosis. (Id.) Third, at step three, the ALJ concluded Plaintiff does not have an impairment, or combination thereof, that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20.) Next, at step four, the ALJ concluded Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with occasionally climbing stairs, climbing ramps, balancing, stooping, kneeling, crouching, and crawling. (Id.) However, Plaintiff could never climb ladders, ropes, or scaffolds and must avoid concentrated exposures to unprotected heights and hazardous moving machinery. (Id.) Plaintiff also must have the option to alternate between sitting and standing every thirty minutes. (Id.) Finally, at step five, the ALJ considered Plaintiff's age, education, work experience, and RFC and concluded "there are jobs that exist in significant numbers in the national economy" Plaintiff could perform. (Tr. 23.)

Plaintiff appealed this decision to the Appeals Council, who affirmed the ALJ's decision on June 24, 2024. (Tr. 1.) Since the Appeals Council denied Plaintiff's subsequent request for

review of the ALJ's decision, it became the final decision of the Commissioner. (Id.) Plaintiff has exhausted all administrative remedies and now appeals to this Court pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of the Social Security Commissioner's final decision to whether (1) substantial evidence supports the Commissioner's decision and (2) the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Perales, 402 U.S. 389, 401 (1971). "Under the Social Security Act, [courts] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citations omitted). A reviewing court may not reweigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays, 907 F.2d at 1456.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (quoting Craig, 76 F.3d at 589). "It 'consists of more than a mere scintilla of evidence but may be less than a preponderance.'" Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (quoting Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012)). We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653 (quoting Craig, 76 F.3d at 589).

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212, 212 (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner examines whether the claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy." Id. (citing (citing 20 C.F.R. § 404.1520); see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

## III. ANALYSIS

Plaintiff only raises one issue on appeal: whether the ALJ failed to provide specific reasons for his evaluation of Plaintiff's subjective complaints. (Doc. No. 5, p. 3.) The Commissioner asserts the ALJ properly considered the evidence to reach his conclusions. (Doc. No. 6, p. 1.) For the reasons discussed below, this Court finds the ALJ properly evaluated Plaintiff's subjective complaints.

Foremost, an ALJ is solely responsible for assessing a plaintiff's RFC. 20 C.F.R. § 404.1546(c). The RFC is an administrative assessment of "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis[,]" despite impairments and related symptoms. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); see also 20 C.F.R. § 404.1545(a)(1). Moreover, the ALJ must "include a narrative discussion

4

describing how the evidence supports each conclusion[] . . . ." Mascio v. Colvin, 780 F.3d 632, 636 (2015) (quoting SSR 96-8p, 1996 WL 374184, at *7).

In determining the RFC, the ALJ considers those impairments supported by the objective medical evidence in the record as well as those impairments that are based on the plaintiff's subjective complaints. 20 C.F.R. § 404.1545. In evaluating a plaintiff's subjective complaints such as pain, the ALJ employs a two-step process. See SSR 16-3P, 2017 WL 5180304 (Oct. 25, 2017) "First, there must be objective medical evidence showing 'the existence of a medical impairment(s) which results from anatomical, physiological or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.'" Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996) (emphasis omitted) (quoting 20 C.F.R. §§ 416.929(b), 404.1529(b)). If the first step is satisfied, as it was in this case, the ALJ "must take into account not only the claimant's statements about her pain, but also 'all the available evidence,' . . . and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." Id. at 95 (quoting 20 C.F.R. §§ 416.929(c)(3), 404.1529(c)(3)). Finally, in support of his decision, the ALJ must "build an accurate and logical bridge from the evidence to [his] conclusion." Monroe v. Colvin, 826 F.3d 176, 189-90 (2016) (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

As an initial matter, Plaintiff asserts the ALJ failed to specify what specific records support his finding that Plaintiff's subjective symptoms were unsupported by the record. (Doc. No. 5, p. 8.) Contrary to Plaintiff's assertions, a review of the ALJ's decision shows the ALJ specifically explained and analyzed Plaintiff's treatment records, medical records, and Plaintiff's statements to determine Plaintiff's subjective statements were inconsistent with the RFC. (Tr. 20–23.) For

5

instance, the ALJ analyzed the testimony from two State Agency Medical Consultants and Plaintiff's testimony at the hearing. (Tr. 21–22.) The ALJ also specifically mentioned Exhibits 1F to 5F, 6F to 9F, and 9E in his decision. (Id.) These exhibits correlate to Plaintiff's office treatment records from Atrium Health, Starmed Family & Urgent Care, and Orthocarolina; hospital records from Atrium Health; and an Adult Function Report. (Tr. 28–29.) The ALJ's reference to exhibit numbers is sufficient as an ALJ is not required to "specifically refer to every piece of evidence in his decision[] . . . ." Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) (quoting Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)). Accordingly, the Court finds the ALJ properly specified what records supported his finding of fact and Plaintiff's argument is without merit.

Plaintiff next alleges the ALJ engaged in prohibited reasoning under Mascio when he found Plaintiff's statements were "inconsistent with the above residual capacity assessment." (Tr. 23; Doc. No. 5, p. 6.) The Fourth Circuit held in Mascio an ALJ may not first consider a plaintiff's ability to work and then use this determination to assess a plaintiff's credibility. Mascio, 780 F.3d at 639. "Rather, an ALJ is required to consider a claimant's pain as part of his analysis of residual functional capacity." Id. Here, the ALJ properly considered Plaintiff's subjective statements in his RFC analysis. The ALJ analyzed "on October 12, 2020, the claimant reported chronic back pain . . . and reported his pain is a 7-8/10 constant." (Tr. 21.) Plaintiff reported he was having back spasms, and although he did stretches and took muscle relaxers, they did not relieve the pain. (Id.) The ALJ furthered on October 19, 2020, Plaintiff explained he continued to have lower back pain and "could not get rid of his pain discomfort." (Id.) By June 22, 2022, the ALJ found plaintiff "reported that his preoperative pain had resolved (Exhibit 7F)[,]" and, four months later, Plaintiff "reported he was doing okay since surgery. (Exhibit 9F)" (Tr. 22.) The ALJ also found on January

6

25, 2023, Plaintiff reported he still has pain and is unable to bend, twist, or lift more than twenty-five pounds but can perform household chores, take his son to school, and go to the grocery store. (Tr. 22–23.) Moreover, the ALJ noted at the hearing Plaintiff stated "he can stand for two hours, but cannot bend over far enough to reach his toes." (Tr. 21.) Plaintiff "said he can lift his five-year-old son but cannot bend over to pick up a gallon of milk." (Id.) These findings of fact are a sufficient analysis by the ALJ of Plaintiff's subjective statements regarding his pain. Moreover, only after the ALJ made these findings of fact did he conclude Plaintiff's subjective statements were "inconsistent with the above residual functional capacity." (Tr. 23.) As such, the Court rejects Plaintiff's assignment of error as the ALJ did not engage in the backwards reasoning prohibited under Mascio.

In his next assignment of error, Plaintiff argues the ALJ's finding that "the medical records fail to document any evidence of significant limitations" suggests that the ALJ was looking for objective evidence of pain before giving credit to his subjective complaints. (Tr. 23; Doc. No. 5, p. 5.) This Court finds Plaintiff's assignment of error is unfounded because the ALJ considered all the evidence in the record including Plaintiff's treatment records, history of pain, medical records, and own statements regarding pain levels and physical ability to perform tasks in making his RFC determination. (Tr. 20–23.) Indeed, Plaintiff's subjective complaints from the hearing were the first piece of evidence analyzed in the ALJ's RFC analysis. (Tr. 21.). Therefore, this Court finds the ALJ was not looking for objective evidence of pain prior to crediting Plaintiff's subjective complaints.

Plaintiff also argues the ALJ's finding of fact that Plaintiff's "treatment records document a history of conservative physical treatment[]" is based off a mistake of fact since lumbar spine fusion surgery is a serious surgery. (Tr. 23; Doc. No. 5, p. 5.) Essentially, Plaintiff's argument asks

7

the Court to reweigh the evidence and substitute our own judgment for that of the ALJ's, which is not the function of this Court. See Johnson, 434 F.3d at 653. Rather, "[w]here conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Id. (quoting Craig, 76 F.3d at 589). Here, the ALJ's examination of Plaintiff's subjective statements of pain along with his treatment records, history of pain, and medical records provides the substantial evidence necessary to support the ALJ's finding. As such, the Court finds that Plaintiff's argument is meritless.

Finally, Plaintiff argues the ALJ's finding "no further treatment suggested" was improper because the ALJ did not consider Plaintiff's financial inability to pay for physical therapy. (Tr. 23; Doc. No. 5, pp. 5–6.) Although an ALJ may not discredit a plaintiff's subjective statement based off his failure to seek medical treatment because of his inability to "afford treatment" or "have access to free or low-cost medical services[,]" that is not the case here. SSR 16-3P, 2017 WL5180304, at *9-10 (Oct. 17, 2017); see Gordon v. Schweiker, 725 F.2d 231, 237 (4th Cir. 1984) ("It flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him."). The ALJ did not find Plaintiff's subjective complaints were inconsistent with the record because of Plaintiff's inability to pay for physical therapy post-surgery. The ALJ only mentioned physical therapy twice in the RFC determination. (Tr. 21.) In the first instance, the ALJ referenced Plaintiff's attempt to alleviate his back pain prior to the lumbar fusion surgery. (Id.) In the second instance, the ALJ referenced a June 8, 2022, physical therapy evaluation where Plaintiff "presented near baseline." (Id.) Neither of these two references concerned Plaintiff's stated need for physical therapy or his inability to pay. Rather, upon a review of the record, this Court finds the ALJ's finding "no further treatment suggested" was based off substantial evidence including Plaintiff's treatment records, medical records, and own statements. (Tr. 20–23.) Accordingly, Plaintiff's argument is without merit.

8

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** for the reasons above, Plaintiff's request to reverse and remand the Commissioner's final decision, (Doc. No. 5), is **DENIED**; Commissioner's request to affirm its final decision, (Doc. No. 6), is **GRANTED**; and the Commissioner's final decision is **AFFIRMED**.

**IT IS SO ORDERD.**

Signed: September 24, 2025

Frank D. Whitney
Senior United States District Judge